THOMAS W. BROCK, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

SAME *vs.* SAME.

It is better that the grounds of exception to a decision, should be stated to the Court making the decision, at the time of the decision, or at some time afterwards, before the decision has passed beyond the reach of that Court; but, still, it cannot be said, that if there is a failure to state grounds of exception, in that Court, the right of stating grounds of exception, in the revising Court, is lost, unless the grounds consist of matters that are waiveable.

Indictment, for playing and betting at cards, in Forsyth Superior Court. Tried before Judge BROWN, at February Term, 1857.

These two cases being against the same party, and involving the same question, were heard and considered together.

Thomas W. Brock was indicted for playing and betting at cards; it did not appear whether with a white man or a negro.

The defendant pleaded guilty in both cases.

The Court passed upon him the following sentence, to-wit:

"Whereupon it is considered and adjudged by the Court, that the defendant do pay a fine of seventy-five dollars, and the cost of this prosecution, and on failure to pay the same, that he be imprisoned in the common Jail of said county, for the term of six months, unless said fine and cost are sooner paid."

To which judgment and sentence, Counsel for defendant excepted.

IRWIN & LESTRR, for plaintiff in error.

SOL. GEN. PHILLIPS, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

The question is, whether the sentences in those two consolidated cases, were right.

The exceptions to the sentences, were couched in general terms, and were placed on no particular ground or grounds. They were in these words—"To which judgment and sentence, Counsel for the defendant excepted."

But a ground was taken in the bills of exceptions, why the sentences were wrong, viz: that the sort of punishment imposed by those sentences, is not the sort which the law authorizes to be imposed in such cases.

This was held by this Court, not to be a sufficient reason, in two cases brought up at the same time at which these two were brought up. See *Brock vs. State, and ——— vs. State,* decided at Atlanta, March, 1857.

The Counsel for the plaintiff in error, under the presence of those decisions, now abandons the ground assigned in the

Brock vs. The State.

bills of exception, but insists upon another; one that is not assigned in them, viz: this, that it does not appear on the face of the indictments, whether the person gambled with, by Brock, the plaintiff in error, was a white person or a negro.

It was held by this Court in *Davis vs. The State,* decided at Atlanta, March, 1857, that this should appear on the face of the indictment.

The only question, therefore, is, whether the plaintiff has the right to insist upon this new ground.

We are not aware of any law that prevents him from doing so ; but still, we cannot help seeing, that much the better practice would be, to bring every ground of objection to a decision, to the notice of the Court making the decision, at the time of the decision.   When the grounds of objection to a decision are fairly stated to the Court making the decision, the probability is, that that Court will give them their due weight, and therefore, will itself, correct the decision if that is wrong.

Besides some grounds are such, that unless they are stated at the time of the decision, they cease to be good.   These are grounds consisting of matters susceptible of being waived.

The ground in the present case, however, consists in a defect that is incurable.

We think therefore, that the plaintiff had the right to insist upon this ground, although he did not set it out in his bills of exceptions.

And so thinking, we have to say that the sentences were void, and ought to be set aside.

Judgment reversed.